UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOSPITALITY ENTERPRISES, INC., ET AL.                CIVIL ACTION

VERSUS                                               NUMBER 11-234

WESTCHESTER SURPLUS LINES INSURANCE                  SECTION "L" (3)
COMPANY, ET AL.

<u>ORDER</u>

The Court has pending before it two motions to remand filed by Plaintiffs and Defendant

Sewerage and Water Board.  (Rec. Docs. 9, 12).  The Court has reviewed the briefs and the

applicable law and heard oral argument and now issues this Order and Reasons.

**I.      Background**

This case arises from water damage to a hotel caused by a leaking sprinkler system.

Plaintiffs are Louisiana entities that own and operate the Garden District Hotel on St. Charles

Avenue in New Orleans.  Plaintiffs allege that on January 7, 2010, the sprinkler system at the

Garden District Hotel leaked, causing property damage.  Shortly after the accident, Plaintiffs

retained D E Investments, Inc., doing business as Servpro of North Kenner, Harahan, and

Lakeview ("Servpro") to do repair and damage remediation work, and submitted a claim to

Westchester Surplus Lines Insurance Company, their insurer.  Westchester investigated the

claim and paid $108,339.70 on September 29, 2010, which Plaintiffs claim was both untimely

and insufficient.

Plaintiffs filed suit in Civil District Court for Orleans Parish against three Defendants.

First, Plaintiffs sued Westchester, alleging that Westchester did not timely adjust the claim and

has underpaid amounts due under the policy, and that this conduct constitutes bad faith.

Westchester is not a Louisiana citizen.  Second, Plaintiffs sued Servpro, alleging that Servpro

breached its contract to repair and remediate damage, or performed its job negligently.  Servpro is a Louisiana citizen.  Third, Plaintiffs sued the Sewerage and Water Board of New Orleans ("the Board").  Plaintiffs allege that the Board negligently failed to monitor and control a drainage system supplying water to Plaintiffs' hotel and caused the sprinkler system to fail, which led to Plaintiffs' damages.  The Board is a Louisiana citizen.

Defendant Westchester removed to this Court, premising jurisdiction on diversity. Defendant Westchester was not joined in the removal by Servpro (which has not appeared) or by the Board.  Westchester premises jurisdiction on diversity between it and Plaintiffs, and argues that all other Defendants were fraudulently misjoined to defeat complete diversity of citizenship.

## II.     Present Motions

Plaintiffs and the Board have filed separate motions to remand.  The Board argues that there is no complete diversity between the parties because the Plaintiffs are citizens of Louisiana, and Defendants the Board and Servpro are also Louisiana citizens.  Therefore, the Board requests remand to state court and an award of its fees and costs for opposing the removal.

In a separate motion to remand, Plaintiffs argue that they properly cumulated their claims against all three Defendants, including the non-diverse Defendants, and that there is no diversity jurisdiction on the basis of fraudulent misjoinder.  Plaintiffs also seek fees and costs for opposing the removal.

Westchester opposes remand.  It argues that the Board and Servpro were fraudulently misjoined to defeat diversity jurisdiction.  Although the claims against those Defendants may be viable, Westchester argues that the claims are so unrelated to the insurance claim against Westchester that they should be ignored for the purposes of diversity jurisdiction.

## III.    Law & Analysis

A.      **Remand**

Diversity jurisdiction requires complete diversity of citizenship and more than $75,000 in controversy.  28 U.S.C. § 1332(a).  The removing party bears the burden of showing federal jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  There is no dispute that Plaintiffs, the Board, and Servpro are Louisiana citizens and that Westchester is not.  Accordingly, there is no complete diversity of citizenship between the parties  as the suit was filed in state court.

To justify removal, Westchester relies on the doctrine of fraudulent misjoinder.  Pursuant to the doctrine, a court can exercise diversity jurisdiction based on complete diversity between the plaintiff and defendant, if the claims against other non-diverse defendants are factually and legally unrelated and were joined in the same action to defeat diversity jurisdiction.  This doctrine was first espoused by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (1996).  The Eleventh Circuit emphasized that only "egregious" misjoinder, and not "mere misjoinder," warrants ignoring the citizenship of misjoined defendants to find complete diversity of citizenship.  *See id.* at 1360; *Bienemy v. Continental Cas. Co.*, 2010 WL 375213, at *4 (E.D. La. 2010) ("Even courts that follow *Tapscott* have not applied that case unless the connection between the claims against the individual parties is so tenuous that disregarding the citizenship of the joined parties is just, or when there is no 'palpable connection' between the claims and the parties joined.").  This Court has previously concluded that the Fifth Circuit recognizes the doctrine of fraudulent misjoinder.  *E.g.*, *Turner v. Murphy Oil USA, Inc.*, No. 05-4206, 2007 WL 2407310, at *5 (E.D. La. Aug. 20, 2007).  In *Murphy Oil*, the Court held that

"the Fifth Circuit has adopted *Tapscott*" and that misjoinder of defendants in a state court

petition must be assessed according to state, rather than federal, joinder rules.  *See id.*

Louisiana Code of Civil Procedure Article 463 governs joinder, or cumulation, of parties

in Louisiana state court:

> Two or more parties may be joined in the same suit, either as plaintiffs or as
> defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is
> brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same
> form of procedure.

La. Code Civ. P. art. 463.  "The test in determining whether the parties have a community of

interest is whether the cumulated causes of action arise out of the same facts or whether they

present the same factual or legal issues.  *Mauberret-Lavie v. Lavie*, Nos. 2003-99, 2003-100, p. 2

(La. App. 4 Cir. 6/11/03); 850 So. 2d 1, 2.  A "community of interest is present between different

actions or parties, where enough factual overlap is present between the cases to make it

commonsensical to litigate them together."  *Id.*

A number of courts, including this one, have found egregious misjoinder where a

homeowner joined a coverage claim against its insurer with a claim against a contractor that did

subsequent repairs on the damaged property.  *See Augustine v. Employers Mut. Cas. Co.*, No. 08-

1102, 2010 WL 4930317 (W.D. La. Nov. 30, 2010) (finding egregious misjoinder because

plaintiff joined insurance claim against homeowners insurer and contract claim against party that

did later repairs; "the legal issues are entirely distinct, the relief sought is different, and the

discovery issues completely separate"); *Milliet v. Liberty Mut. Ins. Co.*, No. 07-7443, 2008 WL

147821 (E.D. La. Jan. 11, 2008); *Bowman v. Horace Mann Ins. Co.*, No. 07-7056, 2008 WL

282760 (E.D. La. Jan. 30, 2008); *Savoie v. Safeco Ins. Co. of Am.*, No. 06-7808, 2007 WL

-4-

675304 (E.D. La. Feb. 27, 2007).  For example, in *Savoie*, the plaintiff brought a Katrina insurance coverage claim against the homeowners insurer, a claim against the alleged insurance agent for failure to procure adequate coverage, and a claim against a non-diverse contractor for negligent post-Katrina repairs.  *Id.* at *1.  The Court concluded that the claims against the contractor were "wholly independent allegations of improper construction and repair that occurred months after Hurricane Katrina."  *Id.*  Although "the Plaintiff and her home are involved in both sets of claims," the Court concluded that the claim against the contractor and the claims against the insurer and agent did not "involve common questions of law or fact."  *Id.* Therefore, the Court severed and remanded the claim against the contractor and retained the claims against the insurer and agent pursuant to diversity jurisdiction.  *Id.* at *1-2.

Likewise, in *Berthelot v. Boh Brothers Construction Co.*, the court addressed the joinder of claims against the Board of Commissioners for the Orleans Levee District with claims against a number of insurance companies, arising out of damages caused by the failure of the 17th Street Canal after Hurricane Katrina.  No. 05-4182, 2006 WL 1984661, at *1, 11-12 (E.D. La. June 1, 2006).  The court concluded that claims against the Board for its alleged fault in causing the floodwall failure were "entirely separate and distinct" from the claims for coverage for the ensuing loss under policies issued by the insurers.  *See id.* at *11-12.  Because the claims had "virtually no relation" to each other, the court severed the claims, citing *Tapscott*, and retained diversity jurisdiction over the claims against the insurers.  *See id.*

On the other hand, in *Bienemy v. Continental Casualty Co.* the court found no fraudulent misjoinder despite the apparent lack of relationship between the joined claims.  No. 09-6647, 2010 WL 375213, at *6 (E.D. La. Jan. 26, 2010).  In *Bienemy*, the plaintiffs were involved in two unrelated car accidents over a month apart.  Plaintiffs filed suit against the drivers of the

other vehicles and their insurers in state court and one insurer removed to federal court, arguing that the claims were fraudulently misjoined. *See id.* at *1. The court rejected that argument and concluded that the "two accidents were so proximate in time that it is impossible to distinguish which accident caused which injuries and the extent of those injuries, [and] consequently it was necessary to join the two actions to establish complete recovery." *Id.* at *5. The sum total of the plaintiffs' injuries were "a quantifiable singular sum which may be apportioned among the defendants according to their individual responsibility" and joinder of the claims made sense. *See id.* at *5-6.

Westchester, in support of its removal, argues that Plaintiffs' claims against it, the Board, and Servpro are so unrelated that their joinder in the same action constitutes fraudulent misjoinder. According to Westchester, Plaintiffs' claims for bad faith insurance adjustment against it are governed by an insurance policy to which the other Defendants were not a party, just as Westchester was not a party to any agreement between Plaintiffs and Servpro. Westchester also argues that the facts related to the post-accident adjustment of an insurance claim are wholly distinct from the facts related to any pre-accident negligence by the Board, or post-accident contract performance by Servpro, citing *Savoie* and *Berthelot*. Westchester argues that there is no community of interest between the claims against the Defendants and no reason why the claims should be tried together. Therefore, Westchester argues that the Court should ignore the citizenship of the co-Defendants and deny the motion to remand, and sever the claims against the Board and Servpro for remand.

Plaintiffs, arguing for remand, contend that Westchester has not carried its steep burden

to show fraudulent misjoinder.[1]  Plaintiffs argue that their hotel suffered water damage from broken sprinklers and that they seek to be made whole.  From Westchester, they seek additional payment for damages they allege to be covered under the policy.  Plaintiffs argue that Westchester has asserted policy exclusions as affirmative defenses in its answer that implicate the actions and liability of the other defendants.  With respect to the Board, Westchester has asserted a defense based on a policy exclusion relating to "failure of water utility services," which Plaintiffs argue implicates potential alternative liability of the Board, which was the water utility service for the property.  With respect to Servpro, Westchester has asserted defenses based on policy exclusions for failure to mitigate and mold damage, and Plaintiffs argue that if the factual predicate for those exclusions is found then Servpro is liable to Plaintiffs for breach of its damage remediation contract.  Thus, Plaintiffs argue that rather than pursuing multiple suits against multiple parties potentially liable to them for sums arising out of the water damage, they properly joined those claims in a single lawsuit.

Westchester responds that the Court should not consider the policy exclusion defenses asserted in its answer because only the face of the state court petition matters in the jurisdictional analysis.  Westchester's argument has some intuitive appeal, in light of the general rule that jurisdiction must appear from the face of the well-pleaded complaint and must exist at the time of removal.  However, the Fifth Circuit indicates that in the context of fraudulent joinder, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the

---

[1]Plaintiffs also argue that fraudulent misjoinder is not recognized in the Fifth Circuit.  As noted above, the Court has previously reached the opposite conclusion and will not revisit that holding.

propriety of joinder."  *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).  Although

the Fifth Circuit did not apply this to the doctrine of fraudulent misjoinder and there is no

indication that Plaintiffs here have deliberately misrepresented facts to create jurisdiction, the

Court nonetheless finds it appropriate to examine all of the pleadings to assess whether there

exists a community of interest.  *Cf. Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808

("Thus, when a court performs its duty to verify that it has jurisdiction, it may be required to

survey the entire record, including the defendant's pleadings....").  "[T]he entire record is

examined for a proper understanding of the true nature of the complaint."  *Ball v. Alfortish*, No.

08-4637, 2009 WL 901773, at *3 (E.D. La. Mar. 31, 2009) (citing *Aquafaith Shipping*, 963 F.2d

at 808).

        Considering the arguments of the parties, this case is closer to *Bienemy* than to *Savoie* or

*Berthelot*.  The common thread in *Savoie* and *Berthelot* is that the potential liability of one

defendant was wholly independent of the other.  Conversely, in *Bienemy*, although the two

accidents were causally unrelated, the accidents were temporally closer and additionally

intertwined because they both contributed to the sum total of the plaintiffs' injuries.  In this case,

each Defendant's role in causing or failing to compensate Plaintiffs for their damages is more

entangled, as in *Bienemy*, and less discrete and independent than in *Savoie* or *Berthelot*.

And although Defendants in this case are not alleged to be jointly liable as the defendants were

in *Bienemy*, there are factual questions common to each claim.  For example, the cause, nature,

and extent of the damage is relevant to the quality of the work done by Servpro, which may also

be relevant to Plaintiffs' efforts to mitigate its losses as required under the policy.  The damage is

also relevant if it resulted from the Board's negligence, which is in turn relevant if Westchester

asserts a policy exclusion based on the Board's role in causing the loss.  If a jury concludes that

the facts surrounding the loss trigger exclusions in the Westchester policy, that same factual finding could support liability on the part of Servpro or the Board.  The jury would not be allocating fault by percentages, but would be determining alternative and potentially inconsistent grounds for recovery.  The claims are entangled and not so clearly unrelated that joining them in a single suit was an effort to defeat complete diversity so egregious that the claims should be severed.  Accordingly, the Court will not invoke fraudulent misjoinder to exercise jurisdiction over Plaintiffs' claim against Westchester.

At oral argument, counsel for Westchester argued for finding misjoinder by wondering what the jury verdict form might look like in a trial against all three Defendants.  It is not unusual for juries to address both contract and tort claims or alternative theories of liability in the same case, and the interlocking factual backdrop of these claims should provide some structure to a trial and to a verdict form.  However, the Court leaves that to the sound discretion of the state court.  By holding that fraudulent misjoinder is not clear from the pleadings, the Court does not intend to limit how the state court may proceed with the matter, including revisiting the Court's ruling on the joinder question.  Indeed, the joinder question should have been raised in state court in the first instance.  *See Bienemy*, 2010 WL 375213 at *6; *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004) ("[T]he better rule would require [defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court.").

B.      **Fees and Costs**

Plaintiffs and the Board also seek fees and costs for opposing the motion to remand, pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  The

Court has discretion to award fees "when the removing party lacks an objectively reasonable basis for removal."  *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010).

The Court will not award any fees or costs in connection with ordering remand. Westchester had an objectively reasonable basis for arguing for diversity jurisdiction on the doctrine of fraudulent misjoinder.

**III.    Conclusion**

For the foregoing reasons, the motions to remand filed by Plaintiffs and the Sewerage and Water Board are GRANTED IN PART and DENIED IN PART.  Case Number 11-234 is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 31st day of __March__, 2011.

UNITED STATES DISTRICT JUDGE